FILED & ENTERED

SEP 29 2015

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY penning   DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>Jerry Junior Mercer and<br>Susan Vanderburg Mercer,<br><br>                                Debtors. | Case No.: 2:14-bk-31175-TD<br><br>CHAPTER 7<br><br>**ORDER DENYING DEBTOR'S MOTION TO CONVERT CASE TO CHAPTER 13**<br><br>Date:        June 19, 2015<br>Time:       10:00 a.m.<br>Courtroom: 1345 |

## BACKGROUND

Jerry Junior Mercer and Susan Vanderburg Mercer (Debtors) filed their chapter 7 bankruptcy petition on November 12, 2014. They received a discharge on February 17, 2015. On April 8, 2015, the chapter 7 trustee filed a Motion for Turnover of Property (docket number 35) relating to Debtors' residence. Two days later, on April 10, 2015, Debtors filed a Motion to Convert Case from Chapter 7 to Chapter 13 (docket number 38). At a hearing held on May 6, 2015, the court denied the motion to convert. An order denying the motion was entered on June 4, 2015 (docket number 53). A second

Motion to Convert Case from Chapter 7 to Chapter 13 (docket number 47), the instant motion, was filed on May 14, 2015. A hearing was held on June 19, 2015 regarding the Debtors' second motion to convert. The court allowed for supplemental briefing with analysis of the issues as it related to In re Deutsch, 529 B.R. 308 (Bankr. C.D. Cal. 2015). The supplemental briefs were to be filed by July 20, 2015. The court stated that no supplemental evidence would be allowed from the parties.

Despite the court's instructions at the June 19 hearing, Debtors submitted further evidence which the court hereby rejects as untimely. On July 16, 2015, Debtors filed a supplemental brief (docket number 64) and attached additional evidence, again which is rejected as untimely. The new evidence included one-year residential lease agreements from the Debtors' tenants Jose Medina and Amy Brothers (tenants). The agreements were signed on July 1, 2015, at least six weeks after Debtors filed their second motion to convert.

## ANALYSIS

Pursuant to 11 U.S.C. § 706(a), the debtor may convert a case under this chapter to a case under chapter 13 at any time, if the case has not been previously converted. "Notwithstanding any other provision of this section, a case may not be converted to a case under another chapter of this title unless the debtor may be a debtor under such chapter." 11 U.S.C. § 706(d). In the instant case, Debtors allege they are eligible to become chapter 13 debtors because they have sufficient funds to support their plan based on contributions from the tenants, their son Andrew Mercer (Andrew) and family friend Vincent Rothwall (Rothwall).

In In re Deutsch, 529 B.R. 308 (Bankr. C.D. Cal. 2015), Judge Yun held contributions to a chapter 13 plan that a recent boyfriend agreed to make, not

unconditionally, but only as long as he was financially able to do so. The bankruptcy court in <u>Deutsch</u> held that the contributions were not sufficiently reliable for debtor to rely on as evidence that the proposed plan was feasible. The <u>Deutsch</u> court also held that back-up contributions by debtor's mother likewise lacked the requisite reliability. Ultimately, the <u>Deutsch</u> court held that debtor whose monthly income, though arguably stable and regular, was insufficient to pay her own non-plan expenses and, thus, was ineligible for chapter 13 relief. <u>Id</u>.

A debtor's plan may be feasible, even though it relies on contributions, where there is a firm commitment by the family member to make the contributions and a long and undisputed history of providing for the debtor. <u>Id</u>. at 312. Judge Yun identified several factors commonly considered in determining the feasibility of chapter 13 plans involving contribution payments from non-debtors, such as:

1. Non-debtor's relationship to debtor and motivation in making payments.
2. Non-debtor's long and undisputed history of making the contributions or otherwise providing support for debtor;
3. Unqualified commitment of non-debtor to make contributions in a specific amount for the duration of the chapter 13 plan; and
4. Financial ability of the non-debtor to make the proposed contributions, including expenses and liabilities of the non-debtor that might take precedence over the contributions.

<u>Id</u>. at 313.

In the instant case, Debtors argue the financial support from Andrew, Rothwall and the two tenants meets the requirements of <u>In re Deutsch</u>.

///

Contributions from Andrew Mercer and Vincent Rothwall

Debtors submitted declarations from Andrew and Rothwall in support of their motion. The declarations (Reply, Exs. 2 and 4, and Debtors' Supp. Brief, Ex. 3), state both men will contribute to the plan "if necessary." These statements are vague and do not show an unqualified commitment to make contributions to the plan, in a specific amount, or for the duration of the plan.

Debtors' claim Andrew shares a bank account with his mother, and his monthly income helps pay the family expenses. Paragraph 11 of Andrew's declaration indicates that his income "goes toward" family expenses. This statement is vague. There are no details to support these conclusory statements. The evidence is insufficient to support Debtors' claim.

While Andrew and Rothwall are committed to making payments on their student loans, their student loan payments are not listed as part of Debtors' expenses in Schedule J or properly identified in Debtors' chapter 13 Plan. No detailed payment history from Andrew or Rothwall is included in Debtors' evidence. Debtors' Reply brief includes some history of payments on the loans, but the evidence is not properly authenticated. (See Exs. 3 and 5). In addition, Andrew's Declaration (Reply, Ex. 4, ¶5) shows his student loan is in deferment and payments are not required at this time which seems to undermine Debtors' position rather than support it.

Contributions from tenants Medina and Brothers

Debtors' evidence does not establish stable, regular income, while 11 U.S.C. § 109(e) requires chapter 13 debtors to have "regular income." The term "individual with regular income" means "individual whose income is sufficiently stable and regular to enable such individual to make payments under a plan . . . ." 11 U.S.C. § 101(30). To

confirm their chapter 13 plan, Debtors must establish that they are able "to make all payments under the plan." 11 U.S.C. § 1325(a)(6).

Debtors' chapter 13 plan proposes to pay $915 per month for 5 years (although the chapter 7 trustee believes the plan payment will be higher because Debtors have not been paying their mortgage) and have a $19,000 deficiency balance according to their plan. Debtors' Schedule I shows Debtors' monthly income is $5,177.64. Debtors' Schedule J shows Debtors' expenses are $4,190.00. If their Schedules are accurate, the Debtors' net disposable monthly income is $987.64. Debtors claim the rental income of the tenants is $1,400 per month, as stated in Schedule I. Debtors' plan is not feasible unless the $1,400 rent payments are included.

Debtors argue that the rents are legal obligations that prove Debtors have stable income. Courts are more likely to find contributions to be regular income where the non-debtor is obligated on some of the debts by contract or state law or where there is a lengthy history of stable payment. See In re Deutsch at 316. At the time of filing Debtors' motion to convert, there were no signed lease agreements. Debtors' supplemental brief includes two, one-year residential lease agreements. Without the income from these leases, the Debtors' income is not sufficient to support a plan. Even if the court allowed this untimely evidence, the lease agreements do not seem sufficient to show that Debtors will be able to rely on this income during the five years of the plan; there is no evidence of a lengthy history of payments from Medina or Brothers. Debtors could have provided bank records to show the rent payment history to Debtors but they did not.

///

///

-5-

## CONCLUSION

There is insufficient evidence of commitment or payment histories from Andrew, Rothwall, Medina or Brothers to show that Debtors have a stable and reliable source of financial support. Debtors do not seem to have "stable and regular" income sufficient to support their proposed plan. This is Debtors' second attempt to convert this case to chapter 13. Their untimely and piecemeal efforts are inadequate to support this second attempt to convert their chapter 7 case to chapter 13.

Debtors' motion to convert is hereby DENIED.

IT IS SO ORDERED.

Date: September 29, 2015

Thomas B. Donovan
United States Bankruptcy Judge